FILED

08 JUN 11 PM 2: 25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**PINNOCK & WAKEFIELD**
A Professional Corporation
Theodore A. Pinnock, Esq.     Bar #: 153434
David C. Wakefield, Esq.      Bar #: 185736
Michelle L. Wakefield, Esq.   Bar #: 200424
3033 Fifth Avenue, Suite 410
San Diego, CA 92103
E-Mail: TheodorePinnock@PinnockWakefieldLaw.com
        DavidWakefield@PinnockWakefieldLaw.com
        MichelleWakefield@PinnockWakefieldLaw.com
Telephone:  619.858.3671
Facsimile:  619.858.3646

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS; and DIANE CROSS, An Individual, <br><br>                 **Plaintiffs,** <br><br>     **v.** <br><br> ZVI, INC. d.b.a. D Z AKINS; AKIN FAMILY TRUST, dated 05-15-95; AND DOES 1 THROUGH 10, Inclusive, <br><br>   **Defendants.** | Case No. **08 CV 1039 J AJB** <br><br> **COMPLAINT** <br><br> **DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS** [42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1, 54.3] <br><br> **DEMAND FOR JURY TRIAL** [F.R.Civ.P. rule 38(b)] |

### INTRODUCTION

1.    Plaintiffs OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS AND ITS MEMBERS; and DIANE CROSS, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District of the United States District Court of the Southern District of California, that Defendants have in the past, and

1

CR

presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

**JURISDICTION AND VENUE**

2.   The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Southern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the Southern District of California.

**SUPPLEMENTAL JURISDICTION**

3.   The Judicial District of the United States District Court of the Southern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28

2

U.S.C. § 1367(a). The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts. The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiffs were denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when they attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint. Further, due to this denial of full and equal access, OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and DIANE CROSS, An Individual, and other persons with disabilities were injured. Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and one would ordinarily expect the actions to be tried in one judicial proceeding.

### NAMED DEFENDANTS AND NAMED PLAINTIFF

4. Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Plaintiffs are informed and believe and thereon allege that ZVI, INC. is the owner, operator, franchiser, licensor, and/or is doing business as D Z AKINS. Defendant ZVI, INC. d.b.a. D Z AKINS is located at 6930 Alvarado Road, San Diego, California 92120. Plaintiff is informed and believes and thereon alleges that AKIN FAMILY TRUST, dated 05-15-95 is the owner, operator, and/or lessor

3

COMPLAINT
CASE #

of the real property located at 6930-6940 Alvarado Road, San Diego

California 92120, Assessor's Parcel Number: 463-600-22. Defendant

AKIN FAMILY TRUST, dated 05-15-95 is located at 2155 David Way,

Del Mar, California 92014.

5.    The words Plaintiff, Plaintiffs, Plaintiff's Member, and

Plaintiff's Members as used herein specifically include

OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF DIANE CROSS and

DIANE CROSS, An Individual.

6.    Defendants Does 1 through 10, were at all times relevant

herein subsidiaries, employers, employees, agents, of ZVI, INC.

d.b.a. D Z AKINS; and AKIN FAMILY TRUST, dated 05-15-95, L.P.

Plaintiffs are ignorant of the true names and capacities of

Defendants sued herein as Does 1 through 10, inclusive, and

therefore sue these Defendants by such fictitious names.

Plaintiffs will pray leave of the court to amend this complaint to

allege the true names and capacities of the Does when ascertained.

7.    Plaintiffs are informed and believe, and thereon allege, that

Defendants and each of them herein were, at all times relevant to

the action, the owner, lessor, lessee, franchiser, franchisee,

general partner, limited partner, agent, employee, representing

partner, or joint venturer of the remaining Defendants and were

acting within the course and scope of that relationship.

Plaintiffs are further informed and believe, and thereon allege,

that each of the Defendants herein gave consent to, ratified,

and/or authorized the acts alleged herein to each of the remaining

Defendants.

4

COMPLAINT
CASE #

1

2                            **CONCISE SET OF FACTS**

3    8.    Plaintiff OUTERBRIDGE ACCESS ASSOCIATION is an organization

4    that advocates on the behalf of its members with disabilities when

5    their civil rights and liberties have been violated.  Plaintiff's

6    member DIANE CROSS is a member of Plaintiff Organization and has

7    physical impairments and due to these physical impairments she has

8    learned to successfully operate a wheelchair.  Further,

9    Plaintiff's Member and Plaintiff DIANE CROSS' said physical

10   impairments substantially limits one or more of the following

11   major life activities including but not limited to:  walking.

12   9.    On April 29, 2008, Plaintiff's Member and Plaintiff DIANE

13   CROSS went to Defendant ZVI, INC. d.b.a. D Z AKINS; AKIN FAMILY

14   TRUST, dated 05-15-95 (hereinafter "D Z AKINS") to utilize their

15   goods and/or services.  When Plaintiff's Member and Plaintiff

16   DIANE CROSS patronized Defendant D Z AKINS, she was unable to use

17   and/or had difficulty using the public accommodations' facilities

18   including but not limited to the disabled parking, exterior path

19   of travel, entrance, interior path of travel, service counters,

20   and women's restroom facilities because they failed to comply with

21   ADA Access Guidelines For Buildings and Facilities (hereafter

22   referred to as "ADAAG") and/or California's Title 24 Building Code

23   Requirements. Defendants failed to remove barriers to equal access

24   within their public accommodation facilities.

25   10.    Plaintiff's Member and Plaintiff DIANE CROSS personally

26   experienced difficulty with said access barriers.  For example,

27   the three (3) parking lot entrances fail to display the required

28

                                    5

                                                        COMPLAINT
                                                        CASE #

disability signage warning motorists that any vehicle illegally parking in a disabled parking space will be towed, fined, or both. There are four (4) designated disabled parking spaces, one (1) of which is a designated "Van Accessible" disabled parking space. The "Van Accessible" disabled parking space located at the east end of the parking lot and fails to be compliant, as the paint is badly faded and a curb ramp encroaches into the access aisle serving this disabled parking space.  There are two (2) regular disabled parking spaces located in front of the D Z AKINS facility.  These two (2) disabled parking spaces share an access aisle.  A curb ramp impermissibly encroaches into this access aisle.  The forth disabled parking space is on the west end of the facility.  It is a regular disabled parking space.  The access aisle serving this disabled parking space also has a curb ramp that impermissibly encroaches into the access aisle.

11.  There fails to be a designated safe and accessible exterior path of travel leading from any of the designated disabled parking spaces to the buildings opposite the spaces across the parking lot.  Specifically, the "Van Accessible" disabled parking space and the west end regular disabled parking space have no designated exterior path of travel leading to the entrance of the D Z AKINS establishment.

12.  The one (1) set of exterior doors that serve as the main and only entrance to the establishment fails to have any disability signage. Upon entry into the D Z AKINS establishment, there is a gift/novelty shop to the right of the door. This gift/novelty shop fails to be accessible, as the interior path of travel throughout

6

this portion of the establishment is exceptionally narrow, especially in the area of the greeting cards. Additionally, the customer service/check out counter within the gift shop fails to have the required thirty-six inches (36") in clear width due to the placement of merchandise that is for sale on the counter. There fails to be any visible disability signage offering assistance upon request.

13. Within the service deli and bakery of D Z AKINS, customers obtain service by first taking a number. The paper number dispenser fails to be accessible, as it is mounted extremely high on the top of the very high display cases. Further, there is no lowered section of counter within the deli and bakery area. Staff members hand customers their ordered items over the very high display counters. There fails to be any visible disability signage offering assistance upon request.

14. The women's restroom within D Z AKINS fails to be accessible, as highchairs are stacked up by the wall adjacent to the women's restroom entrance door, thus precluding the women's restroom entrance door from opening to its fullest width. Therefore, the actual clear width of the partially opened women's restroom door fails to achieve the required width of an entrance door to allow for access. Within the women's disabled commode stall, the commode seat protective cover dispensers fail to be accessible, as they are mounted too high to be accessible. Additionally, the commode blocks access to the commode seat protective cover dispensers. The hot water and drainage pipes under the lavatory sink fail to have the required insulation. The operable parts of the soap and

COMPLAINT
CASE #

paper towel dispensers are too high to be accessible.

15.    Plaintiffs can prove these barriers as Plaintiffs conducted a preliminary survey of Defendants' facilities. Plaintiff Association alleges that its visually and hearing impaired members desire to go to Defendants' facility but cannot because of lack of auxiliary aids.  Plaintiffs specifically allege that Defendants knew, to a substantial certainty, that the architectural barriers precluded wheelchair access.  First, Plaintiffs will prove that Defendants had actual knowledge that the architectural barriers precluded wheelchair access and that the noncompliance with ADAAG as to accessible entrances was intentional.  Second, due to the abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual knowledge of the ADA and decided deliberately not to remove architectural barriers.  Third, Defendants have no plans to remodel.  Fourth, Defendants had actual knowledge of ADA given all the ADA public awareness campaigns, the abundance of free ADA information and the media's constant ADA coverage.  Fifth, a human being acting for the defendants made a conscious decision as to how to proceed given the presence of the architectural barriers.   Plaintiffs allege any alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-class entrance. Also, expert testimony will show the facility contained inaccessible features.  Plaintiffs allege businesses often state that they have few customers with disabilities.  Plaintiffs allege such customers avoid patronizing inaccessible business and are deterred from patronizing such businesses.

8

COMPLAINT
CASE #

16.   Plaintiff's Member and Plaintiff DIANE CROSS intends to return to Defendants' public accommodation facilities in the immediate future.   Plaintiffs' Member and Plaintiff DIANE CROSS is presently deterred from returning due to her knowledge of the barriers to access that exist at Defendants' facilities.

17.   Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.   Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.   Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

18.   Based on these facts, Plaintiffs allege they were discriminated against each time they patronized Defendants' facilities.   Plaintiff's Member and Plaintiff DIANE CROSS was extremely upset due to Defendants' conduct.

### NOTICE

19.   Plaintiffs are not required to provide notice to the defendants prior to filing a complaint. <u>Skaff v Meridien N. Am. Beverly Hills, LLC</u>, 506 F.3d 832 (9th Cir. 2007), see also <u>Botosan v. Paul McNally Realty</u>, 216 F.3d 827, 832 (9th Cir 2000).

### WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT

20.   ZVI, INC. d.b.a. D Z AKINS; AKIN FAMILY TRUST, dated 05-15-95; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

9

21.  Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

### DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

22.  Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.  Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

23.  Plaintiff's Member and Plaintiff DIANE CROSS has physical impairments as alleged in ¶ 8 above because her conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff's Member and Plaintiff DIANE CROSS' said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff's Member and Plaintiff DIANE CROSS cannot perform one or more of the said major life activities in the manner, speed, and

10

duration when compared to the average person.  Moreover,

Plaintiff's Member and Plaintiff DIANE CROSS has a history of or

has been classified as having a physical impairment as required by

42 U.S.C. § 12102(2)(A).


CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In**
**Such A Manner That The Altered Portions Of The Facility Are**
**Readily Accessible And Usable By Individuals With Disabilities**

24.   Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in

this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was

denied full and equal access to Defendants' goods, services,

facilities, privileges, advantages, or accommodations within a

public accommodation owned, leased, and/or operated by Defendants.

Defendants altered their facility in a manner that affects or

could affect the usability of the facility or a part of the

facility after January 26, 1992. In performing the alteration,

Defendants failed to make the alteration in such a manner that, to

the maximum extent feasible, the altered portions of the facility

are readily accessible to and usable by individuals with

disabilities, including individuals who use wheelchairs, in

violation of 42 U.S.C. §12183(a)(2).

25.   Additionally, the Defendants undertook an alteration that

affects or could affect the usability of or access to an area of

the facility containing a primary function after January 26, 1992.

Defendants further failed to make the alterations in such a manner

that, to the maximum extent feasible, are readily accessible to

and usable by individuals with disabilities in violation 42 U.S.C.

11

§12183(a)(2).

26.  Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiffs in violation of 42 U.S.C. § 12182(a).

27.  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff's Member and Plaintiff DIANE CROSS was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

28.  Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiffs are informed, believe, and thus allege that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to

12

remove such barriers and disparate treatment against a person who
has a known association with a person with a disability are forms
of discrimination.  [See 42 United States Code
12182(b)(2)(A)(iv).]  Thus, Plaintiff's Member and Plaintiff DIANE
CROSS was subjected to discrimination in violation of 42 United
States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because they
were denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices,**
**Policies And Procedures**

29.  Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in
this complaint, Defendants failed and refused to provide a
reasonable alternative by modifying its practices, policies and
procedures in that they failed to have a scheme, plan, or design
to assist Plaintiffs and/or others similarly situated in entering
and utilizing Defendants' services, as required by 42 U.S.C. §
12188(a).  Thus, Plaintiff's Member and Plaintiff DIANE CROSS was
subjected to discrimination in violation of 42 United States Code
12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff's
Member and Plaintiff DIANE CROSS was denied equal access to
Defendants' existing facilities.

30.  Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II,
and III of Plaintiff's First Cause Of Action above, and the facts
elsewhere herein this complaint, Plaintiffs will suffer
irreparable harm unless Defendants are ordered to remove
architectural, non-architectural, and communication barriers at
Defendants' public accommodation.  Plaintiffs allege that

COMPLAINT
CASE #

Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiffs and a substantial segment of the disability community.  Plaintiffs allege there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiffs desire to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiffs allege that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

31.  WHEREFORE, Plaintiffs pray for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

32.  Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DIANE CROSS was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities.

33.  These violations denied Plaintiff's Member and Plaintiff DIANE CROSS full and equal access to Defendants' facility. Thus,

14

COMPLAINT
CASE #

Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff DIANE CROSS was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

34.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiffs and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.    Thus, Plaintiff's Member and Plaintiff DIANE CROSS was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

35.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiffs and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

36.    Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II, and III of Plaintiffs' Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiffs will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at

15

Defendants' public accommodation.  Plaintiffs allege that
Defendants' discriminatory conduct is capable of repetition, and
this discriminatory repetition adversely impacts Plaintiffs and a
substantial segment of the disability community.  Plaintiffs
allege there is a state and national public interest in requiring
accessibility in places of public accommodation.  Plaintiffs have
no adequate remedy at law to redress the discriminatory conduct of
Defendants.  Plaintiffs desire to return to Defendants' places of
business in the immediate future.  Accordingly, the Plaintiffs
allege that a structural or mandatory injunction is necessary to
enjoin compliance with state civil rights laws enacted for the
benefit of individuals with disabilities.

37.  Wherefore, Plaintiffs pray for damages and relief as
hereinafter stated.

**Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws**

38.  Defendants, each of them respectively, at times prior to and
including, the month of April of 2008, and continuing to the
present time, knew that persons with physical disabilities were
denied their rights of equal access to all potions of this public
facility.  Despite such knowledge, Defendants, and each of them,
failed and refused to take steps to comply with the applicable
access statutes; and despite knowledge of the resulting problems
and denial of civil rights thereby suffered by Plaintiffs and
other similarly situated persons with disabilities.  Defendants,
and each of them, have failed and refused to take action to grant

16

COMPLAINT
CASE #

full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code).  Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiffs and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

39.  Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiffs and other members of the public with physical disabilities.

40.  Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more

profound example of Defendants and encourage owners,

lessors/lessees, and operators of other public facilities from

willful disregard of the rights of persons with disabilities.

Plaintiffs do not know the financial worth of Defendants, or the

amount of damages sufficient to accomplish the public purposes of

section 52(a) of the California Civil Code and section 54.3 of the

California Civil Code.

41.   Wherefore, Plaintiffs pray for damages and relief as

hereinafter stated.


**DEMAND FOR JUDGMENT FOR RELIEF:**

A.    For general damages pursuant to Cal. Civil Code §§ 52 or

54.3;

B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for

each and every offense of Civil Code § 51, Title 24 of the

California Building Code, ADA, and ADA Accessibility Guidelines;

C.    In the alternative to the damages pursuant to Cal. Civil Code

§ 52 in Paragraph B above, for $1,000 in damages pursuant to Cal.

Civil Code § 54.3 for each and every offense of Civil Code § 54.1,

Title 24 of the California Building Code, ADA, and ADA

Accessibility Guidelines;

D.    For injunctive relief pursuant to 42 U.S.C. § 12188(a).

Plaintiffs request this Court enjoin Defendants to remove all

architectural barriers in, at, or on their facilities;

E.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. §

12205, and Cal. Code of Civil Procedure §§ 1032 and 1033.5;

F.    For treble damages pursuant to Cal. Civil Code §§ 52(a) or

COMPLAINT
CASE #

54.3(a);

G.    A Jury Trial and;

H.    For such other further relief as the court deems proper.


Respectfully submitted:

**PINNOCK & WAKEFIELD, A.P.C.**

Dated: May 23, 2008

By: _____
THEODORE A. PINNOCK, ESQ.
DAVID C. WAKEFIELD, ESQ.
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiffs

19

COMPLAINT
CASE #

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 151858   – TC**

**June 11, 2008
14:41:42**

**Civ Fil Non-Pris**
USAO #.: 08CV1039
Judge..: ANTHONY J BATTAGLIA
Amount.:                    $350.00 CC

**Total–>  $350.00**

FROM: OUTERBRIDGE ACCESS ASSN;
      DIANE CROSS VS.
      ZVI, INC. DBA D Z AKINS, AKIN
      TRUST

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I.(a) PLAINTIFFS**
OUTERBRIDGE ACCESS ASSOCIATION, SUING ON BEHALF OF
DIANE CROSS; and DIANE CROSS, An Individual,
  Plaintiffs,

**DEFENDANTS**
ZVI, INC. d.b.a. D Z AKINS; AKIN FAMILY TRUST, dated
05-15-95; AND DOES 1 THROUGH 10, Inclusive

FILED
08 JUN 11 PM 2:24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 1039 J AJB

BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** San Diego
**PLAINTIFF**
  (EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
  (IN U.S. PLAINTIFF CASES ONLY)    San Diego
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Michelle L. Wakefield, Esq.    SBN: 200424
Theodore A. Pinnock, Esq.    SBN: 153434
PINNOCK & WAKEFIELD, A.P.C.
3033 Fifth Ave., Suite 410, San Diego, CA 92103
Telephone: (619) 858-3671; Facsimile: (619) 858-3646

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question
                                        (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment | ☐ 330 Federal Employers' | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| &Enforcement of Judgment | Liability | ☐ 368 Asbestos Personal Injury | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 340 Marine | Product Liability | ☐ 650 Airline Regs | **SOCIAL SECURITY** | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student | ☐ 345 Marine Product | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| Loan (Excl. Veterans) | Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| of Veterans Benefits | ☐ 355 Motor Vehicle Product | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | Liability | Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage - | ☐ 730 Labor/Mgmt. Reporting & | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | Product Liability | Disclosure Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**
To Be Determined At Trial

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**    JUDGE _____    Docket Number _____

DATE    May 23, 2008

SIGNATURE OF ATTORNEY OF RECORD
_Michelle L Wakefield_

TAC # 151858  6/11/08  $350

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerkof Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle intitial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, gieving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

11. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Placethe'X'in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers Or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. **When the petition for removal is granted, check this box.**

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the **filing date.**

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)